[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 9, 2010
JOHN LEY
CLERK

No. 09-14509
Non-Argument Calendar

_____

D. C. Docket No. 06-00102-CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SABRA HARRISON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 9, 2010)

Before TJOFLAT, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Sabra Harrison Johnson appeals his 66-month's prison sentence, imposed

above the Guidelines sentence range of 37 to 46 months' imprisonment, after

pleading guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. On appeal, he argues that the district court, in imposing sentence, erred by considering his religion, in contravention of U.S.S.G. § 5H1.10 and the due process provisions of the Fifth Amendment. Specifically, Johnson references the court's statement that his case presented yet another example of a "charlatan in religious disguise" perpetrating a fraudulent scheme.

As a question of law, we review *"de novo . . . whether a factor considered by the district court in sentencing a defendant is impermissible." United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (citation omitted). "[T]o succeed on a claim that an impermissible factor affected the sentence, the party challenging the sentence has the initial burden of establishing that the district court considered an impermissible factor in fashioning the sentence. If . . . the district court considered an impermissible factor at sentencing, and if the error was preserved, the burden shifts to the party defending the sentence to show, based on the record as a whole, that the error was harmless." *United States v. Williams*, 456 F.3d 1353, 1362 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 93, 128 S.Ct. 558, 566, 169 L.Ed.2d 481 (2007), *as recognized in United States v Vazquez*, 558 F.3d 1224, 1228 n.2 (11th Cir. 2009).

The Fifth Amendment of the Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  The sole interest being protected in a non-capital sentencing procedure "is the right not to be sentenced on the basis of invalid premises or inaccurate information."  *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984).  The religion of a defendant is a constitutionally impermissible sentencing factor.  *Zant v. Stephens*, 462 U.S. 862, 885, 103 S.Ct. 2733, 2747, 77 L.Ed.2d 235 (1983) (habeas case).

"A sentence based on an improper factor fails to achieve the purposes of § 3553(a) and may be unreasonable, regardless of length."  *Williams*, 456 F.3d at 136 (citation omitted).  Under U.S.S.G. § 5H1.10, race, sex, national origin, creed, religion, and socio-economic status are identified as factors "not relevant in the determination of a sentence."  In *United States v. Clay*, the government argued that the district court, in varying downward and imposing a sentence less than one-third of the low end of the Guidelines sentence range, improperly considered religion when, after hearing eight witnesses testify about Clay's post-offense religious conversion and life changes, it stated: "I do believe that your change is real.  And with God's help, you will continue on the same path that you are currently on." 483 F.3d 739, 742-45 (11th Cir. 2007).  We held that, although religion is an

3

impermissible sentencing factor, the district court did not rely on religion in sentencing Clay: "The district court did not consider Clay's religious belief; the court credited testimony at the sentencing hearing about changes in Clay's life that followed his religious conversion. These considerations of postoffense rehabilitation are appropriate when a district court evaluates the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant." *Id.* at 745 (citation omitted).

Here, we are satisfied that the district court did not rely on religion in sentencing Johnson. Specifically, the court did not consider Johnson's religious belief, namely, Christianity, express disdain for his faith, or state or imply that it was holding Johnson to a higher standard because he was a Christian, a Baptist, or an ordained minister. To the contrary, the court acknowledged that, under the Constitution, religious matters had no place in the courtroom before noting that Johnson, like other "charlatans in religious disguise" before him, took advantage of the trust people quite naturally place in ordained ministers and religious organizations in order to perpetrate fraud. Similarly, the court's statement that Johnson's case "necessarily brings into focus the distastefulness of a fraudulent scheme and activity which is concealed, at least for a time, under some figurative robes of religion" was an objective comment on the offense conduct, not an

4

indication that religion would play a role in determining his sentence.

Notably, when the court took notice of Johnson's apparent contrition and of his profession that he was on the road to recovery, it did not mention that Johnson attributed his "reawakened character" to God. Finally, when the court enumerated the aggravating circumstances justifying an upward variance, it did not include Johnson's religion or his religious upbringing or the fact that he was a minister or his claim that God was redeveloping his character, facts and claims repeatedly mentioned by Johnson and his counsel in pleadings and mitigation testimony. Accordingly, Johnson failed to establish that the district court considered an impermissible factor in fashioning his sentence.

AFFIRMED.